I concur in the judgment of the Court in both cases. I do not agree, however, that the bad faith claim is governed by Ala. Code 1975, § 25-5-53.
Because the Workmen's Compensation Act (§ 25-5-59) ("the Act") expressly authorizes the imposition of a 10% penalty against the employer or its carrier for the failure to pay compensation "without good cause," the statutory remedy is exclusive. In other words, the Act provides its own "bad faith" remedy; thus, its 10% penalty provision operates to the exclusion of the common law tort of bad faith. Otherwise, there is no basis for a distinction between the tort of outrage and the tort of bad faith with respect to the application of the exclusivity *Page 719 
clause, because both torts occur outside the coverage of the Act.
I further believe that, because the 10% penalty is only a nominal additional payment imposed upon the employer or its insurance carrier for forcing the injured employee to forgo statutory benefits under the Act, this Court, as a matter of public policy, should authorize the trial court to further impose upon the employer or its insurance carrier a reasonable attorney fee; thus, under circumstances that invoke the penalty provision, the injured employee would be made whole.